**UNITED STATES of America**

v.

**Anthony LETA et al.**

**Crim. No. 14849.**

United States District Court,
M. D. Pennsylvania.

Oct. 11, 1971.

Joel Harvey Slomsky, U. S. Dept. of Justice, Philadelphia, Pa., for United States.

Sidney Simon, Williamsport, Pa., for Anthony Leta.

Anthony Miele, Williamsport, Pa., for Anthony Zitello.

Arthur L. Piccone, Wilkes-Barre, Pa., Carlon O'Malley, Jr, Scranton, Pa., for Bernardino Grillo.

Thomas A. Livingston, John L. Doherty, Pittsburgh, Pa., for Louis Ciancutti.

## OPINION

MUIR, District Judge.

Defendant Louis Ciancutti has moved to suppress wiretap evidence obtained by the United States government in its investigation of defendant Leta's alleged gambling activities. For the reasons set forth below, this motion is denied.

On May 1, 1970, the Honorable William J. Nealon of this court signed an Order pursuant to 18 U.S.C. § 2518 authorizing the interception of wire communications over two private telephones, one in the home of defendant Leta and one frequently used by Leta in a glass shop owned by another. Special Agents of the Federal Bureau of Investigation commenced the authorized interception on May 6, 1970, and terminated this surveillance eight days later.

Based upon the information obtained from the intercepted conversations, defendant Ciancutti was indicted for alleged crimes relating to interstate gambling under 18 U.S.C. §§ 371 and 1952. In his motion to suppress, this defendant contends (1) that Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq., is unconstitutional on its face; (2) that assuming arguendo that Title III is constitutional, neither its requirements nor those of the Fourth Amendment were satisfied in this case since there was no probable cause to issue a wiretap warrant; and (3) that the use of a wiretap was not necessary in this case.

1. *Constitutionality of 18 U.S.C. § 2510 et seq.*

■ Defendant makes several arguments that Title III of the Act, 18 U.S. C. § 2510 et seq. is unconstitutional. He has standing to raise these points since he has been indisputably affected by the alleged defects. He does not raise, and I do not deal with, the question of the constitutionality of the emergency and national security provisions of the statute.

■ Defendant's first contention is that the Fourth Amendment's command that a search warrant particularly describe the things to be seized is not met by the particularization requirements of 18 U.S.C. § 2518, "Procedure for interception of wire or oral communications." I do not agree. The New York wiretap statute struck down in Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L. Ed.2d 1040 (1967), did not require "particularity in the warrant as to what specific crime has been or is being committed * * * 'the place to be searched' * * * [and] 'the persons or things to be seized.'" [1] 18 U.S.C. § 2518 requires that the crime be specified, that the location of the telephone be specified, and that the communications to be seized be specified. Defendant contends that the third of these three particularity requirements does not in fact require particularity. I disagree. 18 U.S.C. § 2518(4)(c) requires "a particular description of the type of communication sought to be intercepted, and a statement of the particular offense to which it relates." In the wiretap order in this case, for instance, interception of wire communications concerning "the interstate transmission of bets or wagers, together with line information" was authorized, there being probable cause to believe that specified gambling offenses were being and were about to be committed. This type of description is fully as particular as the description "cases of whiskey" upheld as sufficiently particular in the leading case of Steele v. Unit-

1. 388 U.S. at 56, 87 S.Ct. at 1882.

ed States, 267 U.S. 498, 504, 45 S.Ct. 414, 69 L.Ed. 757 (1925). Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L. Ed.2d 431 (1965), cited by the defendant, in which the Court struck down a search warrant for lack of particularity, is not controlling here. In that case, the Court stated that the Fourth Amendment's requirement of particularity "is to be accorded the most scrupulous exactitude when the 'things' are books, and the basis for their seizure is the ideas which they contain." [2] Here, authorization to seize extended only to conversations concerning gambling. The seizure was not based on any ideological content which might be found in these conversations.

▆▆▆ Defendant further contends that Title III is like the New York statute condemned in *Berger* in that "the conversations of any and all persons coming into the area covered by the device will be seized indiscriminately and without regard to their connection with the crime under investigation." [3] Preliminarily, it should be noted that the seizure of items which have not been particularly described does not per se vitiate the entire search; the entire search is vitiated only if it is unreasonable. For instance, if, pursuant to a valid search warrant authorizing the seizure of marijuana, particles of oregano are seized, the marijuana does not automatically become inadmissible. There, as here, if the defendant wishes to object to the introduction in evidence of the particularly described items, he must show that the seizure of the undescribed items or other misconduct in the search makes the entire search unreasonable. Title III's requirement that wiretapping "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter" [4] and its other safeguards which were absent from the New York statute struck down in *Berger* [5] are intended to reduce the amount of indiscriminate search and seizure. Furthermore, nearly continuous seizure (conducted in accordance with the requirements of 18 U.S.C. § 2518(5), as discussed in note 4, *supra*) of the defendant's phone conversations may protect the defendant from having these conversations edited to his detriment or having statements taken out of context. In my view, the benefits to society from crimes solved or frustrated by the use of wiretapping pursuant to Title III outweigh the limited invasion of privacy sanctioned by Title III. Thus, Title III's requirements provide for a search and seizure which is reasonable.

▆▆▆ Defendant's next contention is that continuous 24-hour-a-day searches for up to thirty days on one showing of probable cause are offensive to the Fourth Amendment. A search which lasts too long may be unreasonable, but it is my view that since a wiretap under Title III is to last no longer than necessary "to achieve the objective of the

---

2. 379 U.S. at 485, 85 S.Ct. at 511. See also footnote 16 at 485, 85 S.Ct. at 512.

3. 388 U.S. at 59, 87 S.Ct. at 1883.

4. 18 U.S.C. § 2518(5). There may be some situations in which it will be necessary to record 100% of the conversations over a particular phone. This necessity, by itself, would not make the seizure unreasonable. However, it may also be that 100% recording will take place without an effort to minimize where possible. In such a situation, 18 U.S.C. § 2518(5) will have been violated and it would appear that under 18 U.S.C. § 2518(10), as well as the Fourth Amendment, all the seized conversations would have to be excluded from use by the government. See United State v. Scott, 331 F.Supp. 233 (D.D.C. 1971).

5. For example, 18 U.S.C. § 2518(3) (c) requires a showing of exigent circumstances before wiretapping may commence to justify the lack of notice to the person whose conversations are to be seized (see Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 [1963]) and 18 U.S.C. § 2518(5) requires that the same findings be made by the court for a renewal as for an original wiretap order; renewal cannot be based simply on the existence of a previous order. For further examples,

authorization," [6] and in any event no longer than 30 days without a new showing of *presently existing* probable cause, the length of the search authorized by the statute is reasonable. The Court in *Berger* objected that "authorization of eavesdropping for a two-month period is the equivalent of a series of intrusions, searches, and seizures pursuant to a single showing of probable cause." [7] However, as noted above, Title III does not have many of the other objectionable features of the New York statute in *Berger* [8], and has halved the maximum length of a tap made on the basis of one showing of probable cause. In addition, although the Court did not deal with a continuous surveillance in Katz v. United States, 389 U.S. 347, 354, 88 S.Ct. 507, 513, 19 L.Ed.2d 576 (1967), it did state that it would have been constitutional for a magistrate to have authorized the six searches which took place there over a period of several days upon a single showing of probable cause.

In my view, the statute is constitutional on its face [9].

## 2. The Existence of Probable Cause for the Warrant.[10]

■■ The absence of probable cause for a wiretap warrant would violate both Title III and the Fourth Amendment. The existence of probable cause in the instant case depends primarily on the information supplied by four confidential informants which is stated in the affidavit and which supports the warrant request. The weight that a magistrate may properly give to such information in this situation is controlled by Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). *Spinelli* requires that the affidavit set forth the " 'underlying circumstances' necessary to enable [a] magistrate independently to judge of the validity of the informant's conclusion" and must indicate why the officer finds the informant " ' "credible" ' " or his information " ' "reliable." ' " [11] *Harris* requires that there be a " 'substantial basis' for crediting the hearsay" [12] on which the affidavit

---

see text following note 1, *supra*. In addition, 18 U.S.C. § 2520 authorizes a civil suit for damages.

6. 18 U.S.C. § 2518(5). In defendant's case, for instance, wiretapping was authorized for 15 days and was terminated after 8 days. It is still possible, however, under 18 U.S.C. § 2518(4) (e), for seizure of conversations to continue after the conversation sought is seized, a situation which the Court in *Berger* found objectionable. 388 U.S. at 59–60, 87 S.Ct. 1873.

7. 388 U.S. at 59, 87 S.Ct. at 1883.

8. See note 5, *supra*.

9. As of the date of this opinion, at least five other United States District Courts have held 18 U.S.C. § 2510 et seq. to be constitutional. United States v. Perillo, 333 F.Supp. 914 (D.Del. Sept. 2, 1971); United States v. Cantor, 328 F.Supp. 561 (E.D.Pa.1971); United States v. Scott, 331 F.Supp. 233 (D.D.C.1971); United States v. Sklaroff, 323 F.Supp. 296 (S.D. Fla., 1971); and United States v. Escan-

dar, 319 F.Supp. 295 (S.D.Fla., 1970). In addition, The American Bar Association has adopted a set of standards relating to electronic surveillance which closely parallels 18 U.S.C. § 2510 et seq. Court-authorized, narrowly circumscribed electronic surveillance has also been approved in principle by such groups as the President's Commission on Law Enforcement and Administration of Justice, the Judicial Conference of the United States, the National Council on Crime and Delinquency, and the Subcommittee on Constitutional Rights of the Committee on the Judiciary, United States Senate. (See 323 F.Supp. at 304 for a more complete list as well as citations to the published reports of these groups.)

10. Defendant's standing to raise this issue is granted by 18 U.S.C. § 2518(10) (a) (ii).

11. Spinelli v. United States, 393 U.S. at 413, 89 S.Ct. at 587.

12. United States v. Harris, 403 U.S. at 581, 91 S.Ct. at 2080.

is based. Under either of these tests, the affidavit for a warrant to tap defendant Leta's telephone clearly provided information sufficient to show probable cause. In particular, the affidavit (a) shows how informant number 3 came by his information—*e. g.* he overheard defendant Leta placing bets by phone while in the glass shop; (b) contains admissions by the informant that he himself has placed bets with Leta—admissions which open him to possible prosecution and which therefore contain their own "indicia of credibility"[13]; (c) contains facts indicating defendant Leta was communicating via telephone with known gamblers; and (d) avers that

> "Confidential informant number 3 is personally known to affiant. He has been an informant for the Federal Bureau of Investigation for 18 years and has been provided information to affiant for the past year. Numerous arrests and convictions have resulted from the information provided * * * and his information has been consistently corroborated by independent investigation. This informant's information has never been demonstrated to be false or inaccurate."[14]

All these factors are entitled, under the relevant Supreme Court decisions, to significant weight in determining probable cause for a search. There is no doubt that they go far beyond a bare statement that the affiant believes that the informant is reliable and that the informant says that the suspect is a gambler.

### 3. *The Need for the Wiretap.*

■ Defendant Ciancutti questions the need for and propriety of this wiretap on the ground that the informant's testimony could have been used to indict and prosecute defendant Leta without any wiretap being made. This conten-

tion requires both statutory and constitutional analysis.

Title III provides that the judge issuing a wiretap warrant must find that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous."[15] Such a finding, which was made by the issuing judge here, is justified by the averments of the affiant that

> "1. Confidential informants described therein have categorically refused to testify in open court.
>
> 2. Without the testimony of the above-mentioned informants, it would be impossible to prove the interstate nature of the current gambling operation of Anthony Leta.
>
> 3. The locations of Leta's two headquarters make execution of a search warrant a dubious enterprise, it being virtually impossible to approach either location without being observed by persons used as lookouts.
>
> 4. There are no known witnesses who could be relied upon to testify truthfully to the violations in question.
>
> 5. Due to the manner in which the violations are carried out, the interception of these communications is the only available method of investigation which has a reasonable likelihood of securing the evidence necessary to prove these violations."

The need to wiretap required by Title III was clearly established.

■ Defendant Ciancutti also argues that since wiretapping is such a far-reaching invasion of privacy, indiscriminately seizing numerous unspecified conversations over a period of several days, traditional procedures should have been used. These might well have succeeded, it is argued, if the government had provided prosecutorial immunity and physical protection for its informants. The constitutional basis for

---

13. *Id.,* at 583, 91 S.Ct. at 2082.

14. Affidavit at p. 2.

15. 18 U.S.C. § 2518(3) (c).

this argument would appear to be that this profound invasion of privacy perpetrated in spite of the alternatives which were available is an unreasonable search and seizure. This argument might be persuasive if an offer of prosecutorial immunity and physical protection would be sufficient to guarantee that the informant testify. This simply is not the case because an informant ordinarily cannot be given 100% protection from danger. If he does testify, he risks grave harm and his future usefulness to the government as an informant will be lost since his identity will be publicly known. In addition, wiretapping transcripts may provide evidence of greater probative value than the testimony of an informant whom the factfinder may distrust. For all these reasons, it does not appear to me that the existence of alternative modes of prosecution available to the government made the invasion of defendant Ciancutti's privacy which occurred here unreasonable.

In short, the tapping of wires is particularly apposite where wire communications is an ingredient of the crime.

The Court will enter an Order denying defendant Ciancutti's motion for suppression of wiretap evidence.