**UNITED STATES of America**

v.

**Horace W. BOONE et al.**

**Crim. No. 85–72–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 5, 1972.

David G. Lowe, Asst. U. S. Atty., Richmond, Va., for plaintiff.

Murray J. Janus, Bremner, Byrne & Baber, Richmond, Va., for Horace W. Boone and Leonard Friedman.

Matthew N. Ott, Jr., Richmond, Va., for Abe Lubman and Martin Levy.

C. Hardaway Marks, Hopewell, Va., for John Yow.

J. Clairborne Dance, Petersburg, Va., Edward L. Walker.

James W. Renny, Wakefield, Va., for John Creighton.

C. Willard Norwood, Richmond, Va., for Leon Benfield.

M. D. Minton, Petersburg, Va., for Donald Kennedy.

## MEMORANDUM

MERHIGE, District Judge.

This matter is presently before the Court on motion of the defendants Boone and Friedman to suppress evidence intended to be introduced by the Government which is in the nature of contents of telephone conversations intercepted by virtue of a court-authorized wiretap. In addition, defendants seek the suppression of evidence gathered by use of a pen register. The issue is narrow and the facts are reasonably certain.

Under date of November 8, 1971, an Assistant United States Attorney successfully applied to this Court for an order permitting the interception of telephonic communications of the defendant Boone and others in connection with an alleged violation of Title 18, United States Code, §§ 371 and 1952. This permitted interception order was subsequently extended for an additional period and on November 15, 1971, successful application for another order to intercept communications relative to alleged violations of 18 U.S.C. § 1955 was made. All interceptions made were ultimately used in the obtaining of the instant indictments alleging violations of Title 18, U.S.C., §§ 2, 1952 and 1955.

Title 18, U.S.C. § 2510 et seq. deals with wire interceptions and specifically sets out the required procedures leading to same. In the instant case the mandate of the Congress, as enunciated in Title 18, U.S.C. §§ 2510–2516, has not been followed and the motion to suppress must be granted.

The facts material to the Court's conclusion are that an Assistant United States Attorney, by virtue of communications purporting to be from one Henry E. Petersen, designated as "Acting Assistant Attorney General," first applied to the Court on November 8, 1971, for an order pursuant to Title 18 U.S.C. § 2518 to intercept wire communications to and from certain described facilities in connection with possible violations on the part of defendant Boone and others of Federal law as heretofore referred to. This action was followed on November 22, 1971 with a successful application for an extension of the order of November 8, 1971. Like the original, this application was purportedly authorized by the same Acting Assistant Attorney General. Under date of December 3, 1971, a similar application by virtue of a further communication from the Acting

Assistant Attorney General was successfully made as to other facilities in connection with possible violations on the part of the defendant Boone and others of §§ 1952, 1955 and 371 of Title 18.

The record reflects that the applications in each instance represented that (1) "pursuant to the powers conferred on him by § 2516 of Title 18, United States Code, the Attorney General of the United States, the Honorable John N. Mitchell, has specially designated the Acting Assistant Attorney General for the Criminal Division of the United States Department of Justice, the Honorable Henry E. Petersen, to authorize affiant to make this application for an order authorizing the interception of wire communications; and (2) a letter of authorization approved by the Acting Assistant Attorney General is attached to this application . . . ."

Evidence adduced before the Court in the form of expert testimony established that the purported signatures of Henry E. Petersen on the several documents referred to in the various applications were not in fact, in at least one instance, the signature of the same person who had signed other letters of authorization referred to in the respective applications. Indeed, subsequent to this disclosure the Government filed an affidavit from Mr. Petersen in which he acknowledges that at least one of the alleged letters of authorization made a part of the application to the Court, while purporting to bear his signature was in fact signed by another upon the oral authorization of Mr. Petersen.

The Government argues that the applications were made with the specific approval and authorization of the Attorney General as evidenced by affidavits filed subsequent to the disclosure that the purported signature of Mr. Petersen was under attack.

The respective applications must be viewed as of the time of their presentation to the Court. The language of the purported authorization to apply for an intercept order specifically states that same arises under "power specially delegated to me" (referring to the purported writer of the respective letters of authorization).

Any electronic surveillance of private communications is an invasion of the right of privacy, to be tolerated only in strict conformity with the Constitution and applicable statutes. See United States v. Eastman, 326 F.Supp. 1038, at 1039 (M.D.Pa.1971). The Congress has seen fit to require that applications for orders to conduct electronic eavesdropping be authorized by either the Attorney General or an Assistant Attorney General specially designated by the Attorney General to authorize any such applications. The pertinent statutes, 18 U.S.C. §§ 2516(1) and 2518(1)(a), (4)(d), require not only such limited special designation, but further that said applications identify the person who authorized the particular application.

The Court is benefitted by a learned and detailed discussion of all of the issues herein in an opinion by Judge Miller of the District of Maryland in the case of United States v. Focarile, 340 F. Supp. 1033 (D.Md.1972). Simply stated, there is no provision in the law for an Acting Assistant Attorney General to authorize application for orders of electronic wiretapping. It is patently obvious that Acting Assistant Attorney Generals are not within that limited group whom Congress determined appropriate to make a decision which strikes at such a basic constitutional right as to be free from unreasonable search and seizure in order to maintain the right of privacy.

This Court holds that absent the strict requirements as enunciated by Congress in the pertinent statutes, suppression must be granted. See United · States v. Cox, 449 F.2d 679, 684 (10th Cir. 1971). While the Court has serious doubt as to the propriety of considering either the affidavit of the then Attorney General, or that of the Acting Assistant Attorney General, a reading of all of the

documents tendered by the Government leaves no doubt but that the Attorney General attempted to specially designate a person whom he had no right to so designate to exercise the powers conferred by virtue of Title 18, United States Code, § 2516.

While there are other issues cogent to the instant motion, having concluded as the Court has further discussion would be fruitless. All evidence secured pursuant to the orders of November 8, November 23, and December 3, 1971, was secured in violation of the statutory laws and the Constitution of the United States.

An appropriate order will enter.