**UNITED STATES of America, Plaintiff,**

v.

**Orlando James VIGI et al., Defendants.**

**Crim. A. No. 46922.**

United States District Court, E. D. Michigan, S. D.

Nov. 3, 1972.

---

Laurence Leff, Detroit, Mich., for plaintiff.

James K. O'Malley, Pittsburgh, Pa., Peter Moray, Louis E. Barden, Michael Abbruzzese, Edward Boggs, Detroit, Mich., for defendants.

### MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

The defendants have asked the court to suppress all wiretap evidence because such evidence was not obtained in conformity with 18 U.S.C. §§ 2516 and 2518.

Specifically, the motions filed by the various defendants raise the following issues:

1. The constitutionality of Title 18, Sections 2510–2518.

2. The validity of an authorization for an application to intercept wire communications required by 18 U.S.C. § 2516, signed by Henry E. Petersen, who was at that time only the Acting Assistant Attorney General.

3. The sufficiency of the identification of the authorizing officers as required by Sections 2518(1) and (4), Title 18 U.S.C.

## CONSTITUTIONALITY

■ The defendants assert that Title 18, Sections 2510 through 2518 are unconstitutional. They base this assertion on an opinion by Judge Joseph S. Lord, III, in the case of United States v. Whittaker, 3rd Cir., 70–324. In that case, Judge Lord on May 31 of this year held these provisions were unconstitutional on their face in that "the protections afforded the citizen (by the statute) against unreasonable government intrusions, are largely illusory" and thereby contravene the Fourth Amendment. The statute in question was drafted to conform with Berger v. New York, 338 U.S. 41, 87 S.Ct. 1873, 18 L. Ed.2d 1040 (1967); and Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L. Ed.2d 576 (1967). All other courts with the exception noted above have held the statute constitutional. United States v. Cox, 449 F.2d 679 (10th Cir. 1971); United States v. Leta, 332 F.Supp. 1357 (W.D.Pa.1971); United States v. Scott, 331 F.Supp. 233 (D.C.D.C.1971); United States v. Cantor, 328 F.Supp. 561 (E.D.Pa.1971); United States v. Sklaroff, 323 F.Supp. 296 (S.D.Fla.1971); United States v. Escandar, 319 F.Supp. 295 (S.D.Fla.1970); Donlon v. United States, 331 F.Supp. 979 (D.C.Del.1971); United States v. Lawson, 334 F.Supp. 612 (E.D.Pa.1971); United States v. Cox, et al., 462 F.2d 1293 (8th Cir. 1972). These courts examined the statute in detail and pointed out that all of the tests of *Berger* and *Katz* had been met or exceeded. The statute contains ample protection and safeguards to alleviate the potential threat to individual privacy. It provides close judicial supervision, limited duration, particularity and subsequent notice. In the court's opinion, Judge Lord in United States v. Whittaker was wrong, and the statute is constitutional.

## AUTHORIZATION

■ The statute is clear. Section 2516(1) provides that "The Attorney General, or any Assistant Attorney General specially designated by the Attorney General, may authorize an application to a Federal judge . . ." In this case, Henry Petersen was only the Acting Assistant Attorney General. Until an Assistant Attorney General was appointed and confirmed he held that position. In fact, subsequently he was confirmed by the Senate. He was not an assistant to the Attorney General or a deputy Assistant Attorney General, but held the position of Assistant Attorney General, although he had not as yet been confirmed by the Senate. He was a bona fide Acting Assistant Attorney General and as such had all the powers and obligations of that position.

Affidavits of Petersen and John Mitchell have been filed. They establish that Petersen was specially designated by Mitchell to authorize applications. They establish that Mr. Petersen recommended the authorization be granted. They also establish that the Attorney General himself reviewed these applications and personally approved the request. In either case it is clear that Section 2516 has been complied with. United States v. Pisacano, 459 F.2d 259 (2nd Cir. 1972); United States v. Ceraso, 467 F.2d 653 (3rd Cir. 1972); United States v. Cox, 462 F.2d 1293 (8th Cir. 1972); United States v. Aquino, 338 F. Supp. 1080 (E.D.Mich.1972).

## IDENTIFICATION

■ Section 2518(1) and (4), Title 18 U.S.C.A., require that the authorizing

official be identified in both the application and the order for the wiretap. In the instant case both John Mitchell and Henry Petersen authorized the application. The authorizing official in the communication to the judge was identified as Henry Petersen. Defendant urged that this is error sufficient to warrant suppression of the evidence in question.

In United States v. Consiglio, 342 F. Supp. 556 (D.C.Conn.1972), the court found that since the defendant did not show any injury due to being misled by the identification the evidence would not be suppressed. Similarly, the court in United States v. Becker, 461 F.2d 230 (2d Cir. 1972), citing *Consiglio,* supra, stated that such a failure to correctly identify the authorizing officer was harmless error so long as the authorization itself was proper.

In this case it is clear that the Attorney General, as well as the specially designated Assistant Attorney General authorized the application. The designated assistant attorney general was identified in the order. A proper person was identified in the authorization to seek the application as well as in the order itself. United States v. Ceraso, supra.

The instant case differs from United States v. Wierzbicki, (E.D.Mich.1972) Criminal Action Number 45884, in that the court therein found that the authorizations in that case were not given by persons specified in the statute, whereas in the present case the authorizations were proper. Both the authorization and the identification of the authorizing officers comply fully with the intent of Congress expressed in Senate Report No. 1097 to fix responsibility for wiretaps. The court finds that for reasons given above the defendants' motion to suppress evidence is denied.

So ordered.