**UNITED STATES of America**

v.

**Anthony Joseph ACON et al.**

**Crim. A. No. 72–193.**

United States District Court,
W. D. Pennsylvania.

June 26, 1974.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., John Elias, U. S. Dept. of Justice, Pittsburgh, Pa., for plaintiff.

James O'Malley, John Doherty, Thomas Livingston, H. David Rothman, Herbert Lebovitz, Pittsburgh, Pa., John Hudacsek, Jr., Beaver Falls, Pa., for defendants.

OPINION

WEBER, District Judge.

Of the various grounds for suppression of wire tap interception evidence in this case the most concise and clear cut is that asserted by the defendants under 18 U.S.C. 2518(10)(a)(ii):

" (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; . . .".

A clear cut issue of law is presented to the court on the uncontradicted facts of this authorization. Applications to the court for the interception orders signed by the court on December 9, 1971 and December 23, 1971 recited:

"Pursuant to the powers conferred on him by Section 2516 of Title 18, United States Code, the Attorney General of the United States, the Honorable John N. Mitchell, has specially designated the Acting Assistant Attorney General for the Criminal Division of the United States Department of Justice, the Honorable Henry E. Petersen, to authorize affiant to make this application for an order authorizing the interception of wire communications. The letter of authorization signed by the Assistant Attorney General is attached to this application as Exhibit A."

There is no dispute between the parties that at the date of the letters of authorization dated December 8, 1971 and December 23, 1971 the said Henry E. Petersen was Acting Assistant Attorney

General, and on the dates of subsequent letters of authorization, January 18, 1972, January 24, 1972 and February 7, 1972, the said Henry E. Petersen was an Assistant Attorney General, his nomination to that office having been confirmed by the Senate.

■ The Government concedes that the validity of the three interception authorizations issued subsequent to the two authorizations of December 8 and December 23, 1971 is dependent upon the validity of the first two intercepts. The subsequent authorizations and applications are identical in form and substance to the original authorizations with the exception that the signatory of the authorization letters is identified as Henry E. Petersen, Assistant Attorney General. However, the evidence obtained from the extensions of the orders of December 9, 1971 and December 24, 1971 is derivative evidence obtained as a result of the initial interceptions and is, therefore, subject to suppression if the authorization and order under which the communications were intercepted is insufficient on its face.

For the purpose of this motion we therefore confine our consideration to the question of whether or not an authorization to apply for an order of interception or an order of interception is insufficient on its face because the authorization was given by, and the order was granted upon an authorization made by an individual who was an Acting Assistant Attorney General rather than by the Attorney General or any "Assistant Attorney General specially designated by the Attorney General" as required by the provisions of 18 U.S.C. 2516(1).

We have withheld decision on these motions pending determination of United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 [1974]; and United States v. Chavez, 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380 [1974]. In *Giordano* the Court held that under the provisions of Section 2516(1) it was the intention of Congress to limit the power to authorize wire tap applications to the Attorney General himself or to any As-

sistant Attorney General he might designate and that this interpretation is strongly supported by the purpose of the Act effectively to prohibit all interceptions of oral and wire communications except those specifically provided for, as shown by the legislative history of the Act. In *Giordano* the application to the court recited that Assistant Attorney General Will Wilson had been specially designated by the Attorney General and there was attached to the application a letter from Assistant Attorney General Will Wilson, but it was determined in evidentiary hearings on suppression motions that Will Wilson was inaccurately described as the individual who had authorized the application, and in fact the application had not been approved by Assistant Attorney General Will Wilson but by an individual with the title of Executive Assistant to the Attorney General. The Court held that under the express provisions of Section 2516 the power of the Attorney General is specifically limited to designating his authority to "any Assistant Attorney General specially designated by the Attorney General", and that despite 28 U.S.C. 510 which authorizes a general delegation of the Attorney General's duties, such a statutory command must be followed. The Court recites the legislative history and concludes "the mature judgment of a particular, responsible Department of Justice official is interposed as a critical precondition to any judicial order." The Court noted the debates on prior versions of the Act which proposed a broader area of delegation by the Attorney General, and the rejection of those proposals to the effect that "the authority to approve applications be substantially narrowed so that the Attorney General could delegate his authority only to an Assistant Attorney General." The Court specifically noted the report of the Senate Judiciary Committee which stated that "(1) . . . centralizes in a publicly responsible official subject to the political process the formulation of law enforcement policy on the use of electronic surveillance techniques." S.

Rep.No.1097, 90th Cong., 2nd Sess. 96–97 [1968].

■ It is clear from the debates and the court cases which have considered this matter that a "publicly responsible official subject to the political process" means an officer who is appointed by the President subject to confirmation of the appointment by the Senate. The nine Assistant Attorney Generals are officers whose positions are created by statute which may only be occupied by persons nominated by the President and confirmed by the Senate. An "Acting Assistant Attorney General" is not such an officer. The Court held in *Giordano* that delegation to the Executive Assistant to the Attorney General was contrary to the statute.

The Court in *Giordano* considered the contention of the Government that Section 2518(10)(a)(i) required suppression for constitutional violations whereas sub-sections (ii) and (iii) were purely statutory requirements not affecting the legality of the authorization. The Court answered this argument by stating:

"We are confident that the provision for pre-application approval was intended to play a central role in the statutory scheme and that suppression must follow when it is shown that this statutory requirement has been ignored."

In the companion case of United States v. Chavez, decided the same date, the Court considered the question of mis-identification of the authorizing official. The authorization letter was held to be not "insufficient on its face" within the meaning of Section 2518(10)(a)(ii) since the order clearly identified "on its face", the Assistant Attorney General as the person authorizing the application, he being a person who under Section 2516(1) could properly give such approval if specially designated to do so as the order recited, notwithstanding that this was subsequently shown to be incorrect. We read *Chavez* as holding that the authorization is not insufficient if "on its face" it identifies an official who is statutorily empowered to act upon designation by the Attorney General regardless of the correctness of the identification of that official. Under such a circumstance the grounds for suppression must be asserted under sub-sections (i) or (iii) of Section 2518. We accept the converse of that rule as equally applicable that regardless of the legality of the approval in other respects not shown by the authorization or the order itself, the suppression must be ordered when the "insufficiency" mentioned by sub-section (ii) is apparent.

"Here, the interception order clearly identified 'on its face' Assistant Attorney General Wilson as the person who authorized the application to be made. Under 2516(1), he properly could give such approval had he been specially designated to do so by the Attorney General, as the order recited. That this has subsequently been shown to be incorrect does not detract from the facial sufficiency of the order."

United States v. Chavez, 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380.

We believe that the effect of the *Giordano* and *Chavez* decisions on this case is that evidence must be suppressed for violations of the purely statutory requirments of the Act under Section 2518(10)(a)(ii) and even though the suppression might not be required under the provisions of Section 2518(10)(a)(i) or Section 2518(10)(a)(iii).

We do not deem it necessary to set forth at length the rationale underlying our conclusion that Section 2518(10)(a)(ii) requires the suppression of these intercepted communications. We have considered the matter previously with respect to our holding in United States v. Cihal et al., 336 F.Supp. 261 [W.D.Pa.1972], aff'd 3rd Cir. 1974, 497 F.2d 922, which involved an authorization in fact made by the Executive Assistant to the Attorney General and concluded that only the Attorney General or an Assistant Attorney General specially

designated by the Attorney General were empowered under the statute to exercise the functions required by the Act. Our review of the legislative history supporting our conclusion was set forth in that opinion. Other district courts have considered the identical problem raised here, the sufficiency of the authorization and order under Section 2518(10)(a)(ii). In United States v. Boone, 348 F.Supp. 168 [E.D.Va.1972], the court suppressed the evidence in an identical situation where the authorization and the order recited that the authorization had been given by Acting Assistant Attorney General Henry E. Petersen. In that case the court stated:

"Simply stated there is no provision of the law for an Acting Assistant Attorney General to authorize applications for orders for electronic wiretapping. It is patently obvious that Acting Assistant Attorney Generals are not within that limited group whom Congress determined appropriate to make a decision which strikes at such a basic constitutional right as to be free from unreasonable search and seizure in order to maintain the right of privacy." (p. 170).

Similarly in United States v. Stanley, 360 F.Supp. 1112 [N.D.Ga.1973], while suppressing the wire tap evidence on other grounds of violation of Section 2518, also considered the matter of the facial sufficiency of the authorization:

"Had this court not considered the 'after the fact' affidavits in this case, it would have found as a fact that the authorization decision had been delegated to and made by the Acting Assistant Attorney General, and it would have concluded as a matter of law as did Judge Mehrige in United States v. Boone, 348 F.Supp. 168 [E.D.Va.1972] that such authorization was not in conformity with 18 U.S.C. 2516 because there is no provision in that statute for authorization by an Acting Assistant Attorney General." N. 5 (p. 1115).

We also note the contrary holding of United States v. Vigi, 350 F.Supp. 1008 [E.D.Mich.1972], which held that Petersen was a bona fide Acting Assistant Attorney General and as such had all the powers and obligations of that position. (p. 1009). Because of the conclusions we have recently reached from our review of the legislative history of the Act we cannot agree that an Acting Assistant Attorney General was intended by Congress to exercise the powers because of the manifest intention of Congress to vest these powers only in a "publicly responsible official subject to the political process" which in our judgment means an officer nominated by the President and confirmed by the Senate which is not true of an Acting Assistant Attorney General. This is the interpretation of the statute reached in United States v. Aquino, 338 F.Supp. 1080 [E.D.Mich. 1972]. It is also the conclusion of the court in United States v. Narducci, 341 F.Supp. 1107 [E.D.Pa.1972].

We have also had presented in this case Motions to Suppress raising factual issues of the legality of the authorizations. A consideration of these motions would require the consideration of the Memoranda of the then Attorney General in which he expressly designated Acting Assistant Attorney General Henry E. Petersen to exercise the functions vested in him by the statute as against the affidavits produced by the Government from former Attorney General John N. Mitchell and Assistant Attorney General Henry E. Petersen to the effect that despite the institutional language of the designation memoranda and the authorization the then Attorney General in fact had not designated another officer to perform this function but had in fact himself performed the function. We have doubts of the propriety of relying on these affidavits which themselves contradict the actual language of the designation memoranda and the letter of authorization, and we have further doubts of the propriety of calling these persons before the court for an evidentiary hearing on the matter. Our conclusion from the essential documents in this case, the Attorney General's Memo-

randum of Designation, and the Acting Attorney General's letter of authorization, is that the Attorney General attempted to specially designate a person whom he had no right to so designate to exercise the powers conferred by Section 2516 of the statute, and that the person so designated by the Attorney General did sign the letter of authorization upon which the court order of interception is based. Under this conclusion we believe that the motion to suppress must be granted.