**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Howard Arthur SWANN et al., Defendants-Appellees.**

**No. 73–1723.**

United States Court of Appeals, Ninth Circuit.

Nov. 19, 1975.

Sidney M. Glazer, Atty. (appeared), Crim. Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

George L. Cooke (appeared), San Francisco, Cal., for defendants-appellees.

## OPINION

Before KOELSCH and BROWNING, Circuit Judges, and KELLEHER,* District Judge.

PER CURIAM:

The government appeals from an order of the district court suppressing evidence derived from wiretaps approved by prior court orders dated September 13, 1971, October 26, 1971, and November 12, 1971, on the ground that the Department of Justice failed to comply (1) with the requirement of 18 U.S.C. § 2516(1) that an application for a wiretap order be authorized by the Attorney General himself, or by an Assistant Attorney General specially designated by the Attorney General, and (2) with the requirement of section 2518(1)(a) that the application identify the officer authorizing the application.

■ The procedure followed by the Justice Department in applying for the wiretap order of September 13, 1971, was the same as that followed by the Department in applying for the wiretap order principally at issue in *United States v. Chavez*, 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380 (1974), decided after the district court's suppression order in this case. Here, as in *Chavez*, the Attorney General himself approved the application, but the application stated that it had been authorized by Assistant Attorney General Will Wilson. As in *Chavez*, Wilson's name was signed to the application by his deputy assistant in accordance with his authorization and "the standard procedures of the Criminal Division." 416 U.S. at 567, 94 S.Ct. at 1852. *Chavez* held that despite this noncompliance, suppression was not required because (1) in fact the Attorney General himself had approved the application, and (2) the application purported to be authorized by an official with the statutory power of authorization and was therefore sufficient " 'on its face.' " 416 U.S. at 573–74, 94 S.Ct. 1849, *quoting* 18 U.S.C. § 2518(10)(a)(ii). Suppression of evidence obtained as a result of the interceptions authorized by the September 13 order was therefore error.

■ The procedure followed in applying for both the October 26 and November 12, 1971, wiretap orders was the same. In both instances, the Attorney General personally approved the application. However, an *Acting* Assistant Attorney General (Henry E. Petersen) rather than an Assistant Attorney General was designated as the authorizing official. The Acting Assistant Attorney General had in fact reviewed the files himself and signed his own name to the letters authorizing the applications.

---

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

This same factual pattern has appeared in a number of reported cases decided after *Chavez*. In each instance, suppression has been denied. *See United States v. Erdman*, 515 F.2d 290, 292–93 (6th Cir. 1975); *United States v. Acon*, 513 F.2d 513, 517–19 (3d Cir. 1975); *United States v. Robertson*, 504 F.2d 289, 291–92 (5th Cir. 1974), and *United States v. Boone*, 499 F.2d 551 (4th Cir. 1974) (per curiam), *rev'g*, 348 F.Supp. 168 (E.D.Va.1972), relied upon by the district court in this case. See also *United States v. Joseph*, 519 F.2d 1068, 1070–71 (5th Cir. 1975).

Since the applications for the October 26 and November 12 orders stated that approval was given by an *Acting* Assistant Attorney General, and since section 2516(1) lists only the "Attorney General, or any Assistant Attorney General" as qualified to authorize an application, it may be argued that each application was "insufficient on its face," and suppression was therefore required by the terms of 18 U.S.C. § 2518(10)(a)(ii). This argument is expressly rejected in *Erdman*, *Acon*, and *Robertson* essentially on the ground that section 2518(10)(a)(ii) does not require suppression because of a minor facial insufficiency that does not substantially impair the accomplishment of Congress' purpose; and that when the Attorney General has in fact personally approved an application, the statement that another officer had done so is only a minor insufficiency, whether or not the named official had authority to approve the application. We agree. Suppression of evidence obtained as a result of the interceptions authorized by the October 26 and November 12 orders was therefore error.

Reversed.