FILED

FEB 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50635 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00240-JFW-1 |
| v. | |
| CHANCEY TERREL FULLER, AKA Chance, AKA Fat Boy, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted February 8, 2012
Pasadena, California

Before: D.W. NELSON, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Chancey Terrel Fuller appeals his jury conviction for conspiracy to traffic

marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and

possession of marijuana with intent to distribute, in violation of 21 U.S.C.

§ 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court did not err in denying Fuller's motions to suppress the wiretap evidence. The government's reliance on an invalid delegation order in its wiretap applications was a minor insufficiency that did not subvert the congressional purpose of Title III of the Omnibus Crime Control and Safe Streets Act of 1968. *See United States v. Callum*, 410 F.3d 571, 576 (9th Cir. 2005); *United States v. Swann*, 526 F.2d 147, 149 (9th Cir. 1975) (per curiam). In addition, the government's failure to comply with the prescribed minimization requirements does not warrant suppression because the government still "adopt[ed] reasonable measures to reduce to a practical minimum the interception of conversations unrelated to the criminal activity under investigation." *United States v. McGuire*, 307 F.3d 1192, 1199 (9th Cir. 2002).

The district court also did not clearly err by finding that Fuller's text messages were obtained from an independent source. *Murray v. United States*, 487 U.S. 533, 542 (1988).

In addition, Fuller failed to make a substantial preliminary showing to warrant a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). *See United States v. Whitworth*, 856 F.2d 1268, 1280-82 (9th Cir. 1988); *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir.), *amended by*, 769 F.2d 1410 (9th Cir. 1985).

2

Further, the district court did not clearly err in finding that Fuller's waiver of counsel was unequivocal. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009). Thus, the district court did not abuse its discretion by permitting advisory counsel to withdraw and then declining to reappoint advisory counsel. *Cf. LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *United States v. Salemo*, 81 F.3d 1453, 1457 (9th Cir. 1996). Moreover, the withdrawal of advisory counsel was not a substantial enough change in circumstances to require a second hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975). *See United States v. Hantzis*, 625 F.3d 575, 580-81 (9th Cir. 2010). The district court also did not clearly err in concluding that Fuller requested counsel at sentencing in bad faith. *Cf. Robinson v. Ignacio*, 360 F.3d 1044, 1060 (9th Cir. 2004).

Finally, the district court did not abuse its discretion by denying Fuller's motion to continue. *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1138-39 (9th Cir. 2005).

AFFIRMED.

3