UNITED STATES of America

v.

Frank CASALE et al.

Crim. No. 14927.

United States District Court,
M. D. Pennsylvania.

April 8, 1972.

Raymond E. Makowski, Philadelphia,
Pa., for the United States.

Anthony Miele, Williamsport, Pa., for
defendants Lloyd Bosch and William R.
Becker.

Thomas J. Hanlon, Scranton, Pa., for
defendant Frank Casale.

Michael Casale, Williamsport, Pa., for
defendant Joseph Casale.

## OPINION

MUIR, District Judge.

The question before the Court is
whether wiretap evidence of telephone
conversations of the Defendants should
be suppressed.

The statute provides, in brief, that be-
fore a telephone may be tapped, the At-
torney General or an Assistant Attorney
General specially designated by him
shall authorize an application to a feder-
al judge for authority to make the
wiretap,[1] and that the application to the
Court and the ensuing court order both
shall identify the person who authorized
the application to the Court.[2]

The application to this Court recited
that the then Attorney General, John N.
Mitchell, had specially designated the
Assistant Attorney General for the
Criminal Division of the United States
Department of Justice, Will Wilson, to
authorize the application, that Will Wil-
son had authorized the application, and
that attached to the application was a
letter from Will Wilson containing the
authority. The order of this Court is-
sued pursuant to the application also
identified Will Wilson as the officer au-
thorizing the application.

All of the documents appeared impec-
cable. However, Assistant Attorney Gen-
eral Will Wilson never saw the file, nev-
er authorized the application, and never
signed the letter. His purported signa-
ture was affixed to the letter submitted
to this Court by an officer below the
rank of Assistant Attorney General.
The application and the Court order are
both defective in identifying Will Wilson
as the officer authorizing the applica-
tion.

The government now claims that the
Attorney General himself authorized the
application. It contends that his memo

---

1. 18 U.S.C. § 2516(1).

2. 18 U.S.C. § 2518(1) (a) and (4) (d).

to Will Wilson does not specially designate Will Wilson to authorize the application to the Court but itself authorizes the application. The memo is set out in full in the margin.[3] The plain meaning of the words in the memo is that Will Wilson was specially designated in this case to exercise the power and discretion conferred by the statute upon the Attorney General, or upon an Assistant Attorney General specially designated by him, to authorize the application for an order of court. The memo, in my view, is not an authorization to anyone to apply to this Court for an order.

The government has submitted affidavits of former Attorney General Mitchell and of a subordinate which set forth departmental procedures for securing wiretap orders in this and similar cases. The affidavits unfortunately do not supply the missing link.

The procedure adopted and followed here fails for three reasons:

(1) Neither the Attorney General nor an Assistant Attorney General specially designated by him authorized the application to this Court;

(2) The application did not identify correctly the officer authorizing the application to this Court; and

(3) The Court order did not identify correctly the officer authorizing the application to this Court.

The statute provides that if wire communication is unlawfully intercepted, it may not be used in any Court proceeding.[4] The evidence here was not obtained in accordance with the procedure mandated by the statute. It must therefore be suppressed.

I am mindful that all other U.S. District Judges who have faced this precise question, and to whose opinions my attention has been called by the government, have reached an opposite conclusion.[5] I have given their views careful consideration and reluctantly decide otherwise.

The failure of Mr. Wilson to affix his signature to a small number of letters of authorization has regrettably resulted in frustration and the loss of a staggering number of man hours by law enforcement officers.

---

3. "This is with regard to your recommendation that authorization be given to Raymond E. Makowski of the Criminal Division to make application for an Order of the Court under Title 18, United States Code, Section 2518, permitting the interception of wire communications for a fifteen (15) day period to and from telephone numbers 717–322–0248, 717–322–0805, and 717–322–4443, located at 2315 W. Southern Avenue, South Williamsport, Pennsylvania and telephone number 717–322–9163, located at Frankie's Tavern, 243 Market Street, Williamsport, Pennsylvania, in connection with the investigation into possible violations of Title 18, United States Code, Sections 1955, 2, and 371, by Thomas Anthony Ceraso, Frank Casale, James Hurley, Lloyd Bosch, John E. Troutman, and others as yet unknown.

Pursuant to the power conferred on me by Section 2516 of Title 18, United States Code, you are hereby specially designated to exercise that power for the purpose of authorizing Raymond E. Makowski to make the above-described application."

4. 18 U.S.C. § 2515, § 2518(10).

5. United States v. LaGorga, 336 F.Supp. 190 (W.D. Pa.1971); United States v. Aquino, 336 F.Supp. 737 (E.D. Mich. 1972); United States v. Doolittle, 341 F. Supp. 164 (M.D. Ga.1972); United States v. Gerodemos, Crim. # 71–HCR67 (2) (N.D. Ind., Feb. 14, 1972); United States v. Iannelli, 339 F.Supp. 171 (W.D. Pa.1972); United States v. Cantor, F.Supp., Crim. # 70–454 (E.D. Pa., March 20, 1972); United States v. D'Amato, 340 F.Supp. 1020 (E.D. Pa. 1972).