**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**J. W. ROBINSON et al., Defendants-
Appellants.**

No. 71–1058.

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1973.

Henry Carr, Carr & Emory, Miami,
Fla., for Robinson, Escandar and others.

Donald I. Bierman, Acosta & Duran,
Miami, Fla., for Jiminez.

James J. Hogan, Court-appointed, and
Alan E. Weinstein, Associate Counsel,
Miami Beach, Fla., for De Armas.

Guillermo Sostchin, Miami, Fla., for
Mario Escandar.

Jose E. Martinez, Jerome P. Ullman
and George A. Kokus, Asst. U. S. Attys.,
Miami, Fla., and John J. Robinson,
Atty., U. S. Dept. of Justice, Crim. Div.,
Washington, D. C., for plaintiff-appellee.

Before JOHN R. BROWN, Chief
Judge, and WISDOM, GEWIN, BELL,
THORNBERRY, COLEMAN, GOLD-
BERG, AINSWORTH, GODBOLD,
DYER, SIMPSON, MORGAN, CLARK,
INGRAHAM and RONEY, Circuit
Judges.

PER CURIAM:

Judge Clark, writing for a panel of
this Court, succinctly stated the posture
of the case on appeal as follows:

This appeal was intended to raise
the constitutionality of Title III of
the Omnibus Crime Control and Safe
Streets Act of 1968, which permits
wiretaps and other electronic surveil-
lance methods as crime detection aids.
But, with the development of facts un-
known until the case was before this
Court, it turns out to present only the
question of who may initiate an appli-
cation to engage in such secret elec-
tronic surveillance under the authori-
zation proviso of that legislation.
(footnote omitted)

United States v. J. W. Robinson, etc., 5
Cir. 1972, 468 F.2d 189.

The bifurcation of the constitutional issues from the questions raised by the apparent deviations from the statutory requirements came about by the appellants' adventitious discovery that Sol Lindenbaum, the Executive Assistant to the Attorney General, signed the Attorney General's initials to the authorization in question, designating Will Wilson, an Assistant Attorney General, to authorize the applications to a district judge. The Assistant Attorney General did not act personally, but instead Henry E. Peterson, a Deputy Assistant Attorney General, signed the Assistant Attorney General's name.

Appellants moved for remand of the case to the district court for an evidentiary hearing. The Government replied in a memorandum in opposition supported by affidavits of Lindenbaum and Peterson. The motion to remand was denied.

Premising its opinion and decision on the two affidavits the panel held that, "[s]ince the entirety of the evidence used to convict these defendants is conceded to have eventuated from these improperly authorized wiretaps, it follows that such evidence ought to have been suppressed." *Id.* at 194. In light of its holding, the constitutional issues raised on appeal were not reached. The judgments of conviction were reversed and the appeals were remanded to the district court with directions to dismiss the indictments.

On petition for rehearing en banc the Government moved to supplement the record by further exegetical affidavits from Lindenbaum and Peterson, or to remand the case to the district court for an evidentiary hearing to obtain a complete record.

Because the Government opposed a remand of the questions raised for the first time by the appellants on appeal, the panel concluded, and justifiably so, that the Government was content to rely, on the affidavits without more.

Ordinarily we would be unpersuaded to delve deeper into the questions raised by the appellants than that which was presented to the panel by the parties. But the validity *vel non* of the authorization procedure employed in this case is of such importance,[1] that we disfavor its resolution simply on the basis of two affidavits filed with respect to the issue, particularly since the issue had not been raised, litigated, or decided in the Court below.

We therefore remand this case to the district court for an expedited evidentiary hearing to determine whether the wiretap applications in this case were properly authorized under 18 U.S.C.A. § 2516(1).

The district court will make findings of fact and conclusions of law which, with the complete record, will be forth-

1. The unusual importance of the issue is underscored by the number of courts that have dealt with it since publication of the panel decision. *See* United States v. Giordano, 4 Cir. 1972, 469 F.2d 522 [Nos. 72–1399, 72–1407, Oct. 31, 1972] ; United States v. George, 6 Cir. 1972, 465 F.2d 772 ; United States v. Cox, 8 Cir. 1972, [11 Cr.L.Rep. 2261, June 5, 1972] ; United States v. Becker, 2 Cir. 1972, 461 F.2d 230 ; United States v. Pisacano, 2 Cir. 1972, 459 F.2d 259 ; United States v. Cox, 10 Cir. 1971, 449 F.2d 679, cert. denied, 406 U.S. 934, 92 S.Ct. 1783, 32 L.Ed.2d 136 ; United States v. Sklaroff, S.D.Fla., Nos. 71–612, 71–613, 71–614, 71–711 (pending) ; United States v. Casale, M.D.Pa.1972, 341 F.Supp. 374 ; United States v. Doolittle, M.D.Ga.1972, 341 F.Supp. 163 ; United States v. Focarile, D.Md.1972, 340 F.Supp. 1033 ; United States v. Aquino, E.D.Mich.1972, 338 F.Supp. 1080 ; United States v. Baldassari, M.D.Pa.1972, 338 F.Supp. 904 ; United States v. Cihal, W.D.Pa. 1972, 336 F.Supp. 261 ; United States v. King, S.D.Cal.1972, Nos. 11677, 11257 ; United States v. Mantello, D.D.C.1972, No. 335–71 ; United States v. Smith, N.D.Ill.1972, No. 852 ; United States v. Wierzbicki, E.D.Mich.1972, No. 45884 ; United States v. Bassoline, E.D.Mich., No. 46323 ; United States v. Lawson, E.D.Pa. 1972, 347 F.Supp. 144 ; United States v. Narducci, M.D.Pa.1972, 341 F.Supp. 1107 ; United States v. Gibson, E.D.Va. 1972, No. 7672A.

with transmitted to this Court. All other issues raised by either party are reserved.

Remanded with directions.

CLARK, Circuit Judge, with whom THORNBERRY, GOLDBERG, GODBOLD, SIMPSON and MORGAN, Circuit Judges, join, dissenting:

The integrity of the remand procedure required by the en banc majority would be impeccable if this were a typical, fact-based case. Because it is not and because of its unique precedential impact, I dissent.

The deviation from strict 18 U.S.C.A. § 2516(1) procedure which was followed in procuring the wiretap orders in this cause was not an aberration. The abnormal volume of cases reported and pending in other circuits and in district courts throughout the country indicates just how widespread the use of the expedience of proxy authorization to initiate wiretap applications had become before *Robinson* was decided.[1] As can be gath-

---

1. Four other Circuits and at least 13 United States District Courts have delivered opinions dealing with the authorization procedures of the Department of Justice.

Those courts following the panel decision in *Robinson* or otherwise resolving the authorization-to-apply-for-an-order issue against the Government include: United States v. Giordano, 469 F.2d 522 (4th Cir. 1972), aff'g United States v. Focarile, 340 F.Supp. 1033 (D.Md.); United States v. Fox, 349 F. Supp. 1258 (S.D.Ill.1972); United States v. Vasquez, 348 F.Supp. 532 (C. D.Calif.1972); United States v. Boone, 348 F.Supp. 168 (E.D.Va.1972); United States v. Wierzbicki, 12 Cr.L. 2075 (E.D.Mich., Sept. 15, 1972); United States v. Narducci, 341 F.Supp. 1107 (E.D.Pa.1972); United States v. Aquino, 338 F.Supp. 1080 (E.D.Mich. 1972); United States v. Baldassari, 338 F.Supp. 904 (M.D.Pa.1972); United States v. Cihal, 336 F.Supp. 261 (W.D.Pa.1972); United States v. Smith, (N.D.Ill.1972) [No. 71–Cr. 852, March 7, 1972]; United States v. Mantello (D.D.C.1972) [Crim. Nos. 335–71, 337–71, 386–71].

Decisions which have held contrary to *Robinson* or which distinguished the authorization procedures in the case *sub judice* from those followed in *Robinson* on the facts involved, include: United States v. Cantor, 470 F.2d 890 (3rd Cir. 1972), aff'g 345 F.Supp. 1352 (E.D.Pa.); United States v. Fiorella, 468 F.2d 688 (2nd Cir. 1972) petition for cert. filed, 41 U.S.L.W. 3348 (U.S. Dec. 12, 1972) (72–863); United States v. Wright, 466 F.2d 1256 (2d Cir. 1972); United States v. Ceraso, 467 F.2d 647 (3rd Cir. 1972), rev'g United States v. Casale, 341 F.Supp. 374 (M.D.Pa.); United States v. Cox, 462 F.2d 1293 (8th Cir. 1972); United States v. Becker, 461 F.2d 230 (2d Cir. 1972), petition for cert. filed, 41 U.S.L. W. 3082 (U.S. July 28, 1972) (No. 72– 158); United States v. Pisacano, 459 F.2d 259 (2d Cir. 1972), petition for cert. filed, 40 U.S.L.W. 3528 (U.S. April 8, 1972) (No. 71–1410); United States v. Whitaker, 343 F.Supp. 358 (E.D.Pa.1972); United States v. Consiglio, 342 F.Supp. 556 (D.Conn.1972); United States v. Doolittle, 341 F.Supp. 163 (M.D.Ga.1972); United States v. D'Amato, 340 F.Supp. 1020 (E.D.Pa. 1972); United States v. Iannelli, 339 F.Supp. 171 (W.D.Pa.1972); United States v. LaGorga, 336 F.Supp. 190 (W.D.Pa.1971); United States v. Cafero, (E.D.Pa.1972) [Crim. No. 70– 445, May. 5, 1972]; United States v. Gerodemos, (N.D.Ind.1972) [Crim. No. 71–HCH 67(2), Feb. 14, 1972]; United States v. Lawson, 347 F.Supp. 144 (E. D.Pa.1972) [Crim. No. 71–53] (reported as to related issues, 334 F.Supp. 612 (1971) and 347 F.Supp. 144); United States v. Gibson, (E.D.Va.1972) [Crim. No. 76–72–A]; United States v. King, (S.D.Cal.1972) [Nos. 11627, 11257] (order on related pre-trial motions reported at 335 F.Supp. 523 (1971)).

Pursuant to our direction at en banc oral argument, the Department of Justice has informed us that 13 additional unreported decisions of United States District Courts involving wiretap authorization procedures are pending appeal in six Circuits:

*Third Circuit:*
United States v. Delvecchio (M.D.Pa. 1972) [Crim. No. 14913]; United States v. Gibbons (D.Del.1972) [Crim. No. 2174];

*Fourth Circuit:*
United States v. Amdusky (E.D.Va. 1972) [No. 143–71–N];

*Fifth Circuit:*
United States v. Crabtree (S.D.Fla. 1971) [70–450–CR]; United States v.

ered from the footnote, the results have been legally as well as factually divergent at the circuit and district level, with the Fourth Circuit embracing and the Second Circuit abjuring our panel view. An additional cogent persuasion to promptly finalize this appeal can also be found in the circumstance that ever since this case was taken under consideration en banc the United States has strongly urged the court to decide the instant issue *here and now.*

Immediately following the panel opinion the United States petitioned the panel for rehearing and attached to its petition additional affidavits by the original affiants which more completely detailed the numerous steps taken by subordinate administrative personnel of the Department of Justice precedent to their surrogate approvals. Alternatively, this initial petition for rehearing urged that if the court did not consider the supplementing affidavits, the cause be remanded to allow a record to be made. A rehearing en banc was suggested.

After our order was entered directing rehearing before the entire court, the United States filed a supplemental appendix in this court which contained the additional affidavits and all exhibits to each. These documents are appended to this opinion. Since the record here was so supplemented the United States has consistently requested that we decide the issue of whether the actions of the Department of Justice comported with the statutory requirements of § 2516(1) on such affidavits rather than to remand to allow the development of proof that the affidavits are accurate. Both in its supplemental briefs and oral argument before the en banc court, it continues to urge only that the panel decision be vacated and the case be resubmitted to the panel for resolution of the constitutional and other questions raised. Remand is not mentioned. In fact, on oral argument counsel for the government asserts it does not favor remand because it is concerned that the cases may become untriable due to lapse of time if a speedy determination of all issues is not forthcoming. More importantly, it is urged that the original and supplemental affidavits present all of the evidence relevant to the proper interpretation of the Department's action vis-a-vis Congress' § 2516(1) intent as to how wiretap authorizations should be initiated. The problem for the United States is that conceding all that is sworn to, compliance with the statute is still wanting under the panel view.

In the present context of this case, which involves the resolution of one single issue—Was the statute met?—a remand would be an exercise in futility unless the panel decision be reversed on its basic reasoning. The point in question then simply is not factual. There is just no contest over the panel *sine qua non*-action by a statutorily designated officer. A difference in case outcome can only be produced by changing the delineation of the permissible statutory minimum for authorization approval. Conceding all that the affidavits as

Kilgore (S.D.Fla.1971) [71–376–CR]; United States v. Bowdach (S.D.Fla. 1971) [71–114–CR]; United States v. Sklaroff (S.D.Fla.1971) [No. 70–143–CR], (order on related pre-trial motions reported at 323 F.Supp. 296); and (N. D.Ga.1971) [No. CR 26335] (consolidated on appeal);
*Sixth Circuit:*
United States v. Bassoline (E.D.Mich. 1972) [Crim. No. 46323];
*Seventh Circuit:*
United States v. Roberts (N.D.Ill.1972) [Crim. No. 71–Cr. 790]; (consolidated on appeal with United States v. Smith, *supra*); United States v. Leavitt (N.D.

Ill.1972) [Crim. No. 71–Cr. 864]; United States v. Finn (N.D.Ill.1972) [No. 72–Cr. 250];
*Ninth Circuit:*
United States v. Simon (C.D.Cal.1972) [Cr. No. 8523]; United States v. Chavez (N.D.Cal.1972) [Cr. No. 71–406–SAW]
The Department of Justice further informs this court that there are 92 cases pending in 29 different United States District Courts (including 13 cases in 6 District Courts in this Circuit) in which the issue of the authorization of wiretap applications has been raised.

now supplemented say, the balance does not sway unless the law of the case is to be reweighted, and this the en banc court declines to do.

This is not at all to say that I do not remain convinced (just as the panel was originally) that the authorizations were carefully made within the Department of Justice. They continue to be deficient only because they were not initiated in accordance with the legislative judgment of § 2516(1) which the panel and the Fourth Circuit say mandates that all such Department action eventuate in approval—not by any number or combination of assistants or deputies, but—by the Attorney General or a designated Assistant Attorney General, and then before and not after the fact.

When the United States Attorney applied to the district court for each of the orders authorizing wiretaps of these defendants he swore, *inter alia:*

> Pursuant to the powers conferred on him by Section 2516 of Title 18, United States Code, the Attorney General of the United States, the Honorable John N. Mitchell, has specially designated in this proceeding the Assistant Attorney General for the Criminal Division of the Department of Justice, the Honorable Will Wilson, to authorize affiant to make this application for an order authorizing the interception of wire communications. The letter of authorization signed by the Assistant Attorney General is attached to this application on Exhibit A.

Literally and under the panel's interpretation of § 2516, this was inaccurate, albeit unwittingly so. Attorney General Mitchell had not acted and neither had Assistant Attorney General Wilson in a single one of the three instances covered by these oaths. The power to delegate § 2516(1) authority is not mentioned in the statute nor is any delegation of authority described in the transmittal letter to the United States Attorney, which did not bear Wilson's signature, but only his name written by the undisclosed hand of his deputy.

The central and essential fact which persists in the supplemented affidavits is the lack of any action by officials expressly designated by congressional edict to be the initiators of federal wiretap activity. And it is this lack which negates all authenticity to these electronic eavesdrops so long as the panel's premise remains intact. Thus, there is nothing to be gained by the instant remand but delay—delay which serves neither the litigants nor the court nor the cause of justice.

My position that the panel's action should be affirmed requires that I briefly discuss one other contention raised on rehearing and not reached by the majority or discussed in the panel opinion—assuming lack of statutory compliance, the propriety of suppression. Constitutionally, the United States contends that its change of policy [2] demonstrates suppression would not serve as a deterrent to future conduct. It further states that the law officer conduct involved was not egregious, but, at most, a good faith mistake. Precedent compels us to reject these contentions. If either or both of these premises be parts of the wave of the future in this field of the law, this inferior tribunal must leave to the Supreme Court the task of defining and recording its reach. Statutorily, the government urges that the absolute proscriptions of the wiretap law [3] are dem-

---

2. Promptly after this challenge the Department commenced strict compliance with § 2516(1), as interpreted by the panel opinion, a procedure which it declares it intends to follow in the future.

3. 18 U.S.C.A. § 2518 provides in pertinent part:

   (10) (a) Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom, on the grounds that—

   (i) the communication was unlawfully intercepted;

onstrated by the Senate Report on this bill not to have been intended to be absolute at all.[4] The short answer here is: the law being unambiguous, resort to legislative history is inappropriate. Finally, it is contended that § 2518(10)(a) will not support a suppression motion in this case because improper authorization procedure could not render the interception unlawful. I do not agree. An order unknowingly based upon an improperly authorized application is at least as unlawful as and certainly more harmful to the privacy rights of a citizen than a subsequent interception which encroaches upon the time, place or content limits set by an otherwise proper order. Then too the construction urged here would render the precise instructions of § 2516(1) largely, if not wholly, meaningless.

Remaining convinced the remand is both inappropriate and unnecessary in the present posture of the case and favoring an affirmance of the panel opinion, I respectfully dissent.

## APPENDIX

### AFFIDAVIT

District of Columbia:

Sol Lindenbaum being duly sworn deposes and says:

At the times of the acts related in this affidavit I was and I am now the Executive Assistant to the Attorney General of the United States. I assist the Attorney General in the review of various matters which require his personal attention such as opinions, interpretations, decisions of the Board of Immigration Appeals, applications for pardon and other forms of Executive clemency, antitrust complaints, contracts, agreements, and proposed offers in compromise. See Title 28, Code of Federal Regulations, Section 0.6.

The Attorney General has refrained from designating any Assistant Attorney General to authorize, without his approval, the making of an application for an order permitting the interception of wire or oral communications under Title 18, United States Code, Section 2516(1). Rather, the Attorney General has required that all requests for such authorization be referred to him for consideration. In the normal course of my duties, I review such requests and make recommendations to the Attorney General thereon. I have routinely reviewed such requests since February 1969 and, accordingly, have become familiar with the applicable statutory requirements and the actions taken by the Attorney General on such requests.

On May 18, June 10, and June 12, 1970, the Criminal Division of the Department of Justice addressed to the Attorney General requests for approval of

(ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or

(iii) the interception was not made in conformity with the order of authorization or approval.

Such motion shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion. If the motion is granted, the contents of the intercepted wire or oral communication, or evidence derived therefrom, shall be treated as having been obtained in violation of this chapter. The judge, upon the filing of such motion by the aggrieved person, may in his discretion make available to the aggrieved person or his counsel for inspection such portions of the intercepted communication or evidence derived therefrom as the judge determines to be in the interest of justice.

18 U.S.C.A. § 2515 provides:

Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.

4. 1968 U.S.Code Cong. & Admin.News, p. 2185 (S.Rept. No. 1097, 90th Cong., 2nd Sess.).

authorizations to apply for wire interception orders with respect to certain telephones in Miami, Florida, allegedly used by Mario Escandar and others. In each instance, the request was accompanied by copies of the proposed affidavit, application, and order, as well as a recommendation for approval from the Criminal Division. In each instance, I reviewed the submitted material, concluded that the request satisfied the requirements of the statute, and also concluded, from my knowledge of the Attorney General's actions on previous cases, that he would approve the requests if submitted to him. Because the Attorney General was not available on any of the three occasions, I approved each of the requests pursuant to the authorization which he had given to me to act in the circumstances and caused his initials to be placed on memoranda to Will Wilson. The memoranda approved requests that authorization be given to Robert W. Rust to make the applications for interception orders. Copies of these memoranda are attached.

> /s/ Sol Lindenbaum
> SOL LINDENBAUM
> Executive Assistant to the
> Attorney General of the
> United States

---

United States Government
                Department of Justice
MEMORANDUM
          DATE:      May 18, 1970
          JNM:      AWW:skh

TO:    Will Wilson
       Assistant Attorney General
       Criminal Division
FROM: John N. Mitchell
       Attorney General
   /s/ J.N.M.
SUBJECT: *Interception Order Authorization*

This is with regard to your recommendation that authorization be given to Robert W. Rust to make application pursuant to the provisions of Section 2518 of Title 18, United States Code, for an order of the court authorizing the Federal Bureau of Narcotics and Dangerous Drugs to intercept wire communications to and from the telephone subscribed to by Mario Escandar and located at 3301 N.E. 5th Avenue, Apartment #1206, Miami, Florida, and carrying the telephone number 379–2042 in connection with the investigation into probable violations of 21 U.S.C. § 174, 26 U.S.C. § 4704(a) and § 4705(a) and 18 U.S.C. § 371 by Mario Escandar, Juan Restoy and others as yet unknown.

Pursuant to the powers conferred on me by Section 2516 of Title 18, United States Code, you are hereby specially designated to authorize Robert W. Rust to make the above-described application.

---

United States Government
                Department of Justice
MEMORANDUM
          DATE:      June 10, 1970
          JNM:      AWW:lhb

TO:    Will Wilson
       Assistant Attorney General
       Criminal Division
FROM: John N. Mitchell
       Attorney General
   /s/ J.N.M.
SUBJECT: *Interception Extension Order Authorization*

This is with regard to your recommendation that authorization be given to Robert W. Rust, to make application pursuant to the provisions of Section 2518 of Title 18, United States Code, for an extension of the Order of the Court of May 21, 1970, authorizing the Federal Bureau of Narcotics and Dangerous Drugs to intercept wire communications to and from the telephone subscribed to by Mario Escandar and located at 3301 Northeast Fifth Avenue, Apartment No. 1206, Miami, Florida, and carrying telephone number 379–2042 in connection with the investigation into possible violations of 21 U.S.C. § 174, 26 U.S.C. § 4704(a) and § 4705(a) and 18 U.S.C. §

371 by Mario Escandar and Juan Restoy and others as yet unknown.

Pursuant to the powers conferred on me by Section 2516 of Title 18, United States Code, you are hereby specially designated to authorize Robert W. Rust to make the above-described application.

---

United States Government

Department of Justice

MEMORANDUM

Date: June 12, 1970

JNM: AWW:skh

TO: Will Wilson
Assistant Attorney General
Criminal Division

FROM: John N. Mitchell
Attorney General

/s/ J.N.M.

SUBJECT: *Interception Order Authorization*

This is with regard to your recommendation that authorization be given to Robert W. Rust, to make application pursuant to the provisions of Section 2518 of Title 18, United States Code, for an order of the court authorizing the Federal Bureau of Narcotics and Dangerous Drugs to intercept wire communications of Mario Escandar to and from the public telephone facilities located in the lobby of 3301 N.E. 5th Avenue, Miami, Florida, bearing the telephone number 374–8809, in connection with the investigation into possible violations of 21 U.S.C. § 174, 26 U.S.C. § 4704(a) and § 4705(a) and 18 U.S.C. § 371 by Mario Escandar and others as yet unknown.

Pursuant to the powers conferred on me by Section 2516 of Title 18, United States Code, you are hereby specially designated to authorize Robert W. Rust to make the above-described application.

---

AFFIDAVIT

Henry E. Petersen, being duly sworn, deposes and says:

I am Assistant Attorney General in charge of the Criminal Division. At the times of the events related in this affidavit, I was a Deputy Assistant Attorney General in the Criminal Division, United States Department of Justice.

This affidavit describes the processing within the Criminal Division of the Department of Justice of the request for authorization to make application to a Federal Court for wire interception orders in three instances pertaining to certain telephones in Miami, Florida, allegedly used by Mario Escandar and others.

The requests for authorization to apply for wire interception orders in this case came from representatives of the Bureau of Narcotics and Dangerous Drugs. Prior to action on the requests, the Departmental working files, which included copies of the proposed affidavit, application, and order, in each instance were reviewed in a special unit of the Organized Crime and Racketeering Section of the Criminal Division by attorneys whose primary function was to review the entire matter for form and substance with particular emphasis on assuring strict adherence to the required statutory, judicial, and Constitutional standards. The attorneys handling the matters Atiee W. Wampler, III, and his supervisor, Philip T. White, in that Unit reviewed the files in each of the three instances and recommended favorable action on each request. The files were then submitted to Edward T. Joyce and Thomas A. Kennelly, Deputy Chiefs of the Organized Crime and Racketeering Section, who respectively reviewed the first two files and William S. Lynch, Chief of the Organized Crime and Racketeering Section, reviewed the third file and recommended approval of its request. The files were then sent to me. I examined the files and forwarded them to the Office of the Attorney General with a detailed recommendation in each instance that the authorization be granted. Following approval in the Office of the Attorney General, the Criminal Division dispatched the letters dated May 19, June 10, and June 12, 1970, to Robert W. Rust advising him that he was authorized to present the application to the court.

I signed Will Wilson's name to the letters of May 19, June 10, and June 12, 1970, in accordance with the authorization of Will Wilson and the standard procedures of the Criminal Division. I regarded the signing of Will Wilson's name as a ministerial act, because Will Wilson had authorized me to sign his name to and dispatch such a letter of authorization in every instance in which the request had been favorably acted upon in the Office of the Attorney General. Will Wilson did not examine either file or expressly authorize either application. Attached is a copy of Will Wilson's affidavit of September 15, 1971, respecting an authorization letter dated June 16, 1969, in which he stated that he had authorized me to sign letters of this nature.

/s/ Henry E. Petersen
HENRY E. PETERSEN
Assistant Attorney General
Criminal Division

---

AFFIDAVIT

District of Columbia:

Will Wilson, Assistant Attorney General of the United States, being duly sworn, states:

I am Assistant Attorney General in charge of the Criminal Division of the United States Department of Justice and have been since January 1969.

I have authorized Deputy Assistant Attorney General Henry E. Petersen and Deputy Assistant Attorney General Harold Shapiro to sign my name to letters of authorization for application to United States District Courts for orders under Title 18, United States Code, Section 2518, after such application had been approved by the Attorney General.

The letter authorizing William G. Earle to make an application to the court for an interception order with respect to certain telephones commonly used by Martin and Jesse Sklaroff at Miami International Airport was signed for me by Mr. Petersen pursuant to my authorization. A copy of the carbon copy of this letter presently in the files of the Department of Justice is attached as Exhibit 1.

/s/ Will Wilson
WILL WILSON
Assistant Attorney General
Criminal Division

---

Typed:June 9, 1969
WW:PTW:lrt

JUNE 16, 1969

Mr. WILLIAM G. EARLE
Post Office Box 4139,
160 Northeast Fourth Street,
Miami, Fla.

DEAR MR. EARLE: This is with regard to your request for authorization to make application pursuant to the provisions of Section 2518 of Title 18, United States Code, for an order of the court authorizing the Federal Bureau of Investigation to intercept wire communications to and from four pay telephones at the Miami International Airport near the entrance to Concourse 2 between United and Northwest Airlines counters, carrying phone numbers 691–9981, 691–9566, 691–9797, and 691–9528.

I have reviewed your request and the facts and circumstances detailed in the affidavit of Special Agent Edwin J. Sharp and have determined that probable cause exists to believe that Martin Sklaroff, Jess Sklaroff, and others are engaged in the commission of an offense enumerated in Section 2516 of Title 18, United States Code, to wit: violations of Section 1084 of Title 18, United States Code, and a conspiracy to violate this statute. I have further determined that there exists probable cause to believe that the above persons will make use of the described facilities in connection with that offense, that wire communications concerning the offenses will be intercepted, and that normal investigative procedures are unlikely to succeed or are too dangerous to be used.

Accordingly, you are hereby authorized under the power specially delegat-

ed to me in relation to the above described offenses by the Attorney General pursuant to the power conferred on the Attorney General by Section 2516, Title 18, United States Code, to make application to a judge of competent jurisdiction for an order pursuant to Section 2518 of Title 18, United States Code, authorizing the Federal Bureau of Investigation to intercept wire communications from the facilities described above.

Sincerely,
/s/ Will Wilson
WILL WILSON
Assistant Attorney General