**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Helen CRABTREE, et al., Defendants-**
**Appellants.**

No. 71–2809.

United States Court of Appeals,
Fifth Circuit.

March 7, 1973.

Nicholas J. Capuano, Miami, Fla., for Crabtree.

Max Lurie, Miami, Fla., for Laff.

E. David Rosen, Miami, Fla., for Yunes.

Louis Vernell, Miami Beach, Fla., for Nardone.

Robert W. Rust, U. S. Atty., Gary L. Betz, Atty., U. S. Dept. of Justice, Miami, Fla., John Robinson, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before PHILLIPS *, THORNBERRY and RONEY, Circuit Judges.

BY THE COURT:

This cause is hereby remanded to the District Court for an expedited evidentiary hearing to determine whether the wiretap applications in this case were properly authorized under 18 U.S.C.A. §§ 2510–2520.

Although appellants' previous motion to remand was denied by a panel of this Court, we think that the renewed motion must be granted on the authority of United States of America v. Robinson, 472 F.2d 973 (5th Cir. 1973). As we understand the en banc decision of this Court in *Robinson*, where there is an issue of fact as to the procedure followed in a wiretap authorization, that issue must first be resolved by the District Court, and this Court will not attempt to determine the facts on affidavits. Such an issue is present in this case.

As in *Robinson*, the regularity of the procedure for authorization of the interception applications within the Department of Justice was not challenged by appellants until this appeal was pending. The Government argues that this case differs from *Robinson* because here, the affidavits of John N. Mitchell and Sol Lindenbaum filed with this Court establish the fact that the application for the wire interceptions in this case had been personally approved by then Attorney General John N. Mitchell. Our difficulty, however, stems from the response filed by appellants which challenges the factual accuracy and inter-

* Hon. Orie L. Phillips, of the Tenth Circuit, sitting by designation.

pretation of the affidavits. We understand *Robinson* to control this exact situation. Where the resolution of the legal sufficiency of a wiretap authorization depends upon a court determination of the facts which support the application, those facts cannot be proved by an affidavit filed for the first time with the appellate court, where the issue has not been raised, litigated or decided in the trial court. We need not determine the disposition that we would give to the case were the facts before us stipulated or unchallenged.

We understand that as a result of *Robinson*, the trial court in that case and in other pending cases which involve similar and related issues has issued subpoenae for former Attorney General John N. Mitchell, and Executive Assistant Attorney General Sol Lindenbaum, both of whose affidavits have been filed with us in this case, and for former Assistant Attorney General Will Wilson, and Assistant Attorney General Henry E. Petersen, all returnable on March 19, 1973. We agree with appellants that judicial economy and the convenience of these witnesses importune a remand of this case so that the parties may be permitted to participate in the evidentiary hearings scheduled for the other cases.

■ As reflected in *Robinson*, the unusual importance of the issue compels us to follow this procedure, although normally litigants would be expected to raise factual issues in the trial court prior to appeal or run the risk that they would be foreclosed from attacking the factual basis of a wiretap interception at the appellate level.

The District Court will make findings of fact and conclusions of law which, with the complete record, will be forthwith transmitted to this Court. All other issues raised by either party are reserved.

Remanded with directions.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New