**UNITED STATES of America, Plaintiff-Appellee,**

v.

**J. W. ROBINSON, Mario Escandar, Carlos Escandar, Aleida Jiminez, Georgina Lafont–Escandar, Margarita Arce De-Armas, Defendants-Appellants.**

**No. 71–1058.**

United States Court of Appeals, Fifth Circuit.

June 28, 1974.

---

Donald I. Bierman and Henry R. Carr, Miami, Fla., court appointed counsel, for Robinson.

Donald I. Bierman, Bierman, Sonnett & Beiley P. A., Miami, Fla., for M. Escandar, C. Escandar, Jiminez, Lafont-Escandar.

James J. Hogan and Alan E. Weinstein, Miami Beach, Fla. (Court-appointed), for Margarita Arce DeArmas.

Jose E. Martinez, Jerome P. Ullman, George A. Kokus, Asst. U. S. Attys., Miami, Fla., John J. Robinson, Atty. U. S. Dept. of Justice, Crim. Div., Washington, D. C., for plaintiff-appellee.

Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY and GEE, Circuit Judges.

PER CURIAM:

On our previous consideration of this appeal we remanded the case to the district court for an evidentiary hearing to determine whether wiretap applications were properly authorized under 18 U.S.C.A. § 2516(1). United States v. Robinson, 5 Cir. 1973, 472 F.2d 973 (en banc).

The district court, after an extensive hearing, determined that the wiretaps *sub judice* violated section 2516(1) in that the applications for electronic surveillance orders were not authorized by the Attorney General, or by an Assistant Attorney General specially designated by him.

Since the evidence used to convict the defendants is conceded to have eventuated from the improperly authorized wiretaps, such evidence was subject to exclusion under 18 U.S.C.A. § 2515. United States v. Giordano, 1974, —— U.S. ——, 94 S.Ct. 1820, 40 L.Ed.2d 341 [42 L.W. 4642]. The judgments of conviction are reversed and these appeals are remanded to the district court for further proceedings not inconsistent with this opinion.

Reversed and remanded.