**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Helen CRABTREE, Hershie Laff, Murray Yunes, Nicholas Hercules Nardone, Defendants-Appellants.**

**No. 71–2809.**

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1975.

Rehearing Denied May 2, 1975.

Nicholas J. Capuano, Miami, Fla., for Crabtree.

Max Lurie, Miami, Fla., for Laff.

E. David Rosen, Miami, Fla., for Yunes.

Louis Vernell, Miami Beach, Fla., for Nardone.

Robert W. Rust, U. S. Atty., Gary L. Betz, Atty., U. S. Dept. of Justice, Miami, Fla., John Robinson, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before THORNBERRY and RONEY, Circuit Judges.*

PER CURIAM:

Disposition of these appeals has been held in abeyance awaiting the decisions of the Supreme Court of the United States in United States v. Chavez, 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380 (1974) and United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974). A careful study of these opinions convinces us that these cases must be reversed and remanded for new trials free from the possible taint of evidence which is the product of an illegal wiretap.

All defendants were convicted of using the telephone in interstate commerce to facilitate unlawful gambling activities in violation of 18 U.S.C.A. §§ 1084 and 1952. Much of the evidence against the defendants was derived from two wiretaps, both ordered by the late Judge Ted Cabot. The first tap was ordered on December 1, 1969, and the second, an extension order, on December 11, 1969. Prior to their trial the defendants moved to suppress all such evidence as being illegally obtained. Their motions were denied and their convictions by the court without a jury followed. Upon their appeals to this Court, some factual controversies arose concerning the procedure followed within the Department of Justice in authorizing the wiretap requests in this case, and we remanded the case to allow the district court to determine the factual issues, as mandated by United States v. Robinson, 472 F.2d 973 (5th Cir. 1973) (en banc). United States v. Crabtree, 475 F.2d 755 (5th Cir. 1973). The District Court for the Southern District of Florida held a hearing on these and other cases involving similar issues and has reported its findings to this Court. United States v. Laff, 365 F.Supp. 737 (S.D.Fla.1973). On the basis of those findings, we reverse the convictions and remand the cases for proceedings not inconsistent with this opinion.

The first wiretap was personally authorized by then Attorney General John N. Mitchell, as reflected by his initials on the "Interception Order Authorization." The district court found that the discrepancy between this fact and the representation made to Judge Cabot that Assistant Attorney General Will Wilson had been specially designated by the Attorney General to authorize the wiretap application, warranted suppression of the evidence obtained in that wiretap. The district court reached this conclusion without the guidance of United States v. Chavez, supra, which is now available to this Court. Under the authority of Chavez, it is clear that the procedure followed in this first tap did not render the evidence obtained thereby inadmissible and the district court's decision that the evidence obtained under that wiretap order should be suppressed must be reversed.

The convictions, however, rested partially upon evidence obtained under the extension order dated December 11, 1969. As to this evidence, the Government failed to carry its burden of proving that the authorization for the extension order comported in substance with the requirements of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C.A. §§ 2510–2520. It is clear that the initials, "J.N.M.," on the "Interception Order Authorization" which supported the second wiretap were placed on that authorization by the Attorney General's Executive Assistant, Sol Lindenbaum, and not by then Attorney General Mitchell himself. Neither Mitchell nor Lindenbaum could remember a specific oral directive from Mitchell for Lindenbaum to initial the order for the Attorney General. See United States v. Laff, 365 F.Supp. at 740 n. 4. Without proof of such a specific order the authorization stands with only the

* Hon. Orie L. Phillips, of the Tenth Circuit, sitting by designation, died after argument but before decision. Consequently, this decision is rendered by a quorum pursuant to Title 28 U.S.C.A. § 46(c) and (d). See Kelly v. Page, 335 F.2d 114 (5th Cir. 1964).

Executive Assistant's specific prior approval, and that is insufficient to support the legality of the tap. *See* United States v. Giordano, *supra.* Thus, the Government has failed in its burden of proof. We do not reach the issue of whether such a telephonic directive from the Attorney General could have rendered the wiretap authorization procedure acceptable, because the district court could not find as a fact that such directive had been given. *See* United States v. Roberts, 477 F.2d 57 (7th Cir. 1973), cert. denied, 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212 (1974). Consequently, any evidence derived solely from the extension tap should not have been admitted against the defendants. *See* 18 U.S.C.A. § 2518(10)(a)(i). It is necessary, therefore, to reverse these convictions.

Since these cases must be remanded for a new trial without the taint of the illegally seized evidence derived from the second wiretap, we need not pass on the other errors alleged by the defendants on these appeals.

Reversed and remanded.